THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KURT JURGENS BAUER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S § 2255 MOTION<br><br>Case No. 4:22-cv-00002<br><br>District Judge David Nuffer |

## BACKGROUND

Prisoner Kurt Bauer ("Bauer") timely filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence ("§ 2255 Motion"), seeking a "downward variance based on 18 U.S.C. § 3553."[1] The United States filed an opposition on May 12, 2022.[2]

Bauer entered a guilty plea on February 25, 2021 and was sentenced the same day to seventy-eight months of incarceration.[3] Bauer makes four claims of ineffective assistance of counsel:

　　1. Failure to file a sentencing memorandum in support of mitigation;[4]

　　2. Failure to file a motion for a downward variance based on § 3553 factors;[5]

---

[1] Motion to Vacate, Set Aside or Correct Sentence (§ 2255), docket no. 1, filed Jan. 10, 2022, at 13.

[2] Response in Opposition to Movant's § 2255 Motion, docket no. 3, filed May 12, 2022.

[3] Motion to Vacate at 2.

[4] *Id.* at 5.

[5] *Id.* at 6.

      3. Failure to ask for variance based on the defendant's age per USSG § 5H1.1, for caretaking and financial support in § 5H1.6, and mental and emotional conditions in § 5H1.3;[6] and

      4. Failure to move for a downward departure under § 5K2.0.[7]

## DISCUSSION

Under 28 U.S.C. § 2255, an incarcerated defendant "may move the court which imposed the sentence to vacate, set aside or correct the sentence."[8] The defendant must show that "the sentence was imposed in violation of the Constitution or laws of the United States"; "that the court was without jurisdiction to impose such sentence"; "that the sentence was in excess of the maximum authorized by law"; or that the sentence "is otherwise subject to collateral attack."[9]

To prove ineffective assistance of counsel, the defendant must show that their attorney's performance "fell below an objective standard of reasonableness"[10] and that the deficient performance prejudiced the offender.[11] To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]

"*Strickland* emphasizes the case-by-case judgment needed for every ineffective-assistance claim"[13] and because "[t]he district court is the decisionmaker,"[14] they "ha[ve] no

---

[6] *Id.* at 7.

[7] *Id.* at 9.

[8] 28 U.S.C. § 2255(a).

[9] *Id.*

[10] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[11] *Id.* at 688.

[12] *Id.* at 694.

[13] *United States v. Channon*, No. 21-2027, 2022 WL 6872077, at *4 (10th Cir. Oct. 12, 2022).

[14] *Id.* at *3, referencing *Strickland*.

obligation to cite authority"[15] when deciding if a defendant has not met either or both of the *Strickland* elements.

**Deficient Performance:** Bauer does not give any facts to show his attorney's actions were deficient. His motion lists his four claims but is devoid of any supporting evidence. The form Bauer used to file his motion, —which has printed in the top left corner of each page "AO 243 (Rev. 01/15),"[16] and is a form from the United States Courts website[17]—has specific instructions. Under each part of the form where he listed his four claims, it states, "Supporting facts. (Do not argue or cite law. Just state the specific facts that support your claim.)."[18] He does the opposite and cites only to statutes.[19]

Also, the record shows that at his sentencing, after his attorney spoke, Bauer stated "Mr. Stout has spoken well."[20] In the plea agreement Bauer signed ahead of sentencing, he stated, "I make the following representations to the Court:…I am satisfied with my lawyer."[21]

Because Bauer has not provided any facts to support the claims of deficient performance, and because the record shows his satisfaction with his counsel, the first part of *Strickland*'s test cannot be met, so there is no need to assess the second element.

---

[15] *Id.*

[16] Motion to Vacate.

[17] Motion to Vacate/Set Aside Sentence, US Courts, https://www.uscourts.gov/forms/civil-forms/motion-vacateset-aside-sentence-motion-under-28-usc-ss-2255 (last visited December 12, 2022).

[18] Motion to Vacate at 5, 6, 7, and 9.

[19] *Id.* at 6, 7, and 9.

[20] Transcript of Sentencing at 16, *USA v. Bauer*, 4:20-cr-00082, docket no. 53, filed April 8, 2020.

[21] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P 11(c)(1)(C) at 8-9, *USA v. Bauer*, 4:20-cr-00082, docket no. 42, filed December 18, 2020.

## ORDER

IT IS HEREBY ORDERED that Bauer's Motion[22] is DENIED.

Signed December 20, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[22] Motion to Vacate, docket no. 1, filed Jan. 10, 2022.